NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE PRADO-RODRIGUEZ, | No. 22-16876 |
| Petitioner-Appellant, | D.C. No. 4:20-cv-07762-YGR |
| v. | |
| JEFF LYNCH, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Real Party In Interest. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 14, 2024**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE and BRESS, Circuit Judges, and TUNHEIM,[***] Senior District Judge.

Petitioner Vicente Prado-Rodriguez (Prado-Rodriguez) appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254, arguing (1) his mandatory sentence of life without the possibility of parole violates his Eighth Amendment rights under *Miller v. Alabama*, 567 U.S. 460 (2012); and (2) his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to object to the imposition of the mandatory sentence on Eighth Amendment grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review a district court's denial of a § 2254 petition de novo. *Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022). We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, governs this Court's review of Prado-Rodriguez's petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 336 (1997). Under AEDPA's deferential standard, Prado-Rodriguez must demonstrate that the last reasoned state court decision—the California Court of Appeal's decision—is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence

---

[***] The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

presented in the State court proceeding," *id.* § 2254(d)(2); *Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (en banc). Habeas relief is available "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Prado-Rodriguez has not made the required showing under § 2254 for either claim.[1]

1. Prado-Rodriguez's Eighth Amendment claim fails because the Supreme Court has never held that sentencing a 19-year-old to mandatory life without a possibility of parole violates the Eighth Amendment. *See Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) ("[I]n the absence of explicit direction from the Supreme Court, we cannot hold that the [court's decision] . . . was contrary to, or involved an unreasonable application of, Supreme Court precedent."). And when the Supreme Court considered at what age a mandatory sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment, it drew the line at 18 years old. *Miller*, 567 U.S. at 465.

Furthermore, a state court's refusal to extend Supreme Court precedent is not an unreasonable application of clearly established law. *White*, 572 U.S. at 426

---

[1]     Prado-Rodriguez does not argue that the California Court of Appeal's decision "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). We therefore need not consider that issue.

3

("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme] Court[] precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." (emphasis in original)). Of course, "'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

It therefore was not unreasonable for the California Court of Appeal to conclude that Prado-Rodriguez's Eighth Amendment right was not violated. And the California Court of Appeal's decision was certainly not contrary to *Miller*.

2. Prado-Rodriguez's Sixth Amendment claim likewise fails because, as the district court correctly concluded, it cannot be both reasonable for a court to hold that a mandatory sentence of life without parole for 19-year-olds does not violate the Eighth Amendment and unreasonable for counsel not to object on those grounds. *See Strickland*, 466 U.S. at 688-89; 28 U.S.C. § 2254(d)(1); *Harrington*, 562 U.S. at 105 ("When § 2254(d) applies, the question . . . is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Because Prado-Rodriguez's sentence did not violate the Eighth Amendment, trial counsel's failure to object at sentencing did not constitute deficient performance. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been

4

ineffective for failing to raise a meritless objection.")  But even assuming that counsel provided ineffective assistance by failing to object at the trial court, it was not unreasonable for the California Court of Appeal to find Prado-Rodriguez's claim of prejudice refuted by the trial court's conclusion that it was without discretion to sentence Prado-Rodriguez to anything other than life without parole.  *Strickland*, 466 U.S. at 694 ("[T]he defendant must show that . . . but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Accordingly, the California Court of Appeal's decision as to his Sixth Amendment claim was not an unreasonable application of or contrary to Supreme Court precedent.

**AFFIRMED.**